UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JONATHAN FOLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 13-12107-LTS |
| ) | |
| WELLS FARGO BANK, N.A., s/b/m ) | |
| WACHOVIA MORTGAGE, F.S.B., f/k/a ) | |
| WORLD SAVINGS BANK, F.S.B., ) | |
| ) | |
| Defendant. ) | |

ORDER DIRECTING CLASS COUNSEL TO FILE MEMORANDUM

March 3, 2015

SOROKIN, J.

Pending before the Court are plaintiff Jonathan Foley's claims against defendant Wells Fargo, which include alleged breach of the In re Wachovia Corporation "Pick-a-Payment" Mortgage Marketing and Sales Practices Litigation class action settlement agreement and Massachusetts state law claims. Defendant Wells Fargo filed a motion to transfer, arguing that the Northern District of California retained exclusive jurisdiction over cases related to the settlement.

The settlement agreement provided that "[t]he Parties agree that the Court shall retain exclusive and continuing jurisdiction over the Lawsuit, the Parties, Settlement Class Members, and the Settlement Administrator in order to interpret and enforce the terms, conditions, and obligations under this Agreement." Case 3:09-md-02015-RS Docket No. 112, p. 91 (emphasis added); Case 1:13-cv-12107-LTS Docket No. 81, p. 94. In approving the settlement, Judge Fogel stated that "[t]his Court will retain continuing jurisdiction to interpret and enforce the

settlement agreement." Case 3:09-md-02015-RS Docket No. 207, p. 4. The Order also acknowledged that "[c]lass counsel . . . stated on the record that they would be happy to speak with any class member about his or her loan modification efforts. Moreover, the Court expressly has retained jurisdiction over this matter. The Court concludes that these are the best safeguards that realistically could be expected in this type of settlement." Id. at 7. Furthermore, "[c]lass members who do not qualify for HAMP or MAP2R modifications will receive a written explanation of the reasons for denial. Class counsel will be copied on all such denials and will follow up with Defendants to ensure that the loan modification program is functioning as intended." Id. at 4.

In light of these provisions and all of the considerations that bear on transferring a case involving foreclosure of real property, the Court requests that plaintiffs' class counsel in the In re Wachovia Corporation "Pick-a-Payment" Mortgage Marketing and Sales Practices Litigation file with this Court within fourteen days a memorandum addressing whether:

1) In their view, the Northern District of California possesses exclusive jurisdiction to interpret and enforce the settlement agreement, including plaintiff Jonathan Foley's claim of breach of the settlement agreement;

2) In the ordinary course, class counsel represents individual plaintiffs in claims for breach of the settlement agreement, including or excluding related state law claims; and

3) In this case, if transferred, class counsel would provide representation to plaintiff Jonathan Foley.

The Clerk is directed to mail a copy of this order to Jeffrey K. Berns, BERNS WEISS LLP, 20700 Ventura Blvd., Suite 140, Woodland Hills, CA 91364 and Lee A. Weiss, BERNS WEISS LLP, 585 Stewart Avenue, Suite L-20, Garden City, NY 11530.

Counsel for defendant Wells Fargo is ordered to serve this Order on all class counsel in the <u>In re Wachovia Corporation "Pick-a-Payment" Mortgage Marketing and Sales Practices Litigation</u>.

                                            SO ORDERED.

                                          /s / Leo T. Sorokin
                                          Leo T. Sorokin
                                          United States District Judge