UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JOHNATHAN FOLEY, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 1:13-CV-12107-LTS |
| WELLS FARGO, N.A., s/h/m to Wachovia Mortgage FSB, f/k/a World Savings FSB, | ) ) ) ) | |
| Defendants. | ) ) | |

ORDER ON DEFENDANT'S MOTION FOR RECONSIDERATION

May 22, 2017

SOROKIN, J.

Plaintiff filed a Motion for Reconsideration of and Relief from the Court's Order on Summary Judgment citing numerous grounds. Doc. No. 214. "Irrespective of how a party titles his motion, a post-judgment motion made within ten days of the entry of judgment that questions the correctness of a judgment is properly construed as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e)." Global Naps, Inc. v. Verizon New Eng., Inc., 489 F.3d 13, 25 (1st Cir. 2007) (quotation marks omitted). "As a general matter, a motion for reconsideration may only be granted if the original judgment evidenced a manifest error of law, if there is newly discovered evidence, or in certain other narrow situations." Id.

First, Plaintiff contends that the record evidence establishes that he qualified for a HAMP loan modification or, alternatively, that he submitted sufficient facts to create a triable issue of fact. The Motion is DENIED as to this argument, however, as Plaintiff does not contend in his Motion for Reconsideration that defendant breached its obligations under the settlement

1

agreement, or otherwise, by failing to find that he qualified for a HAMP loan modification. Plaintiff is not asserting that the formulas used by Wells Fargo said that he qualified for a modification and Wells Fargo denied him anyway. Rather, he argues that he would have qualified if different inputs were used.

Second, Plaintiff contends that the Court should have considered evidence that he had a substantially higher income than the $5,783 discussed in the Court's decision. Plaintiff did not properly raise this argument to the Court in his opposition to Wells Fargo's Motion for Summary Judgment. Additionally, Plaintiff has not submitted admissible evidence or pointed the Court to previously-submitted admissible evidence in the record that supports his assertion that his income was higher than $5,783 per month. Accordingly, the Motion is DENIED as to this ground. See De Giovanni v. Jani-King Intern., Inc., 968 F. Supp 2d 447, 450 (D. Mass. 2013) ("Motions for reconsideration are not to be used as a vehicle for a party to undo its own procedural failures or allow a party to advance arguments that could and should have been presented to the district court prior to judgment." (alteration omitted) (quoting United States v. Allen, 573 F.3d 42, 53 (1st Cir. 2009))).

Third, Plaintiff contends that the Court erred in ruling that the HTI applied in this case by Wells Fargo was the same as the DTI defined in the Settlement Agreement. For support he cites "Exhibit B to Document 200," Doc. No. 214 at 6, but document number 200 is Wells Fargo's Reply which was submitted without further exhibits. Plaintiff did submit an Exhibit B with his Motion, however. That Exhibit is a new calculation of the loan modification with no citations establishing the basis for the numbers nor an argument explaining how the Court should consider the submission or why it should consider it now. Plaintiff does point out in his Motion that some Wells Fargo documents list different DTI and HTI values. For example, the Loss Mitigation

2

Worksheet, Doc. No. 185-5, for "Current Ratio" appears to list an HTI of 99.89% and a DTI of 153.24%. Thus, Plaintiff argues, the two terms necessarily represent different values and the Court erred in saying they were the same. Without a fuller explanation of the source of the terms on the documents Plaintiff cites and the meaning of these terms in the context of the loan modification process, Plaintiff has failed to meet his burden. In addition, the Court notes that the Plaintiff has not established a genuine issue of material fact as to whether he qualified for a MAP2R loan modification. Accordingly, the Motion is DENIED on this third ground.

Fourth, Plaintiff contends that the Court focused too greatly on whether Plaintiff qualified for a loan modification while disregarding the other issues advanced by Plaintiff. The Motion is DENIED on this ground as Plaintiff identifies no argument he advanced in the course of summary judgment which the Court failed to consider on the merits.

For the foregoing reasons, the Motion to Reconsider, Doc. No. 214, is DENIED.

SO ORDERED.

　/s/ Leo T. Sorokin　
Leo T. Sorokin
United States District Judge