UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JOHNATHAN FOLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:13-CV-12107-LTS |
| | ) | |
| WELLS FARGO, N.A., | ) | |
| s/h/m to Wachovia Mortgage FSB, | ) | |
| f/k/a World Savings FSB, | ) | |
| | ) | |
| Defendants. | ) | |

ORDER ON MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT (DOC. NO. 229) AND MOTION TO RELEASE FUNDS (DOC. NO. 221)

June 21, 2017

SOROKIN, J.

Two Motions are pending. Plaintiff's Motion for Leave to File an Amended Complaint, Doc. No. 229, is DENIED. Defendant has moved to release the escrow funds on deposit with the Court to it. Doc. No. 221.

On June 5, 2015, the Court issued a preliminary injunction restraining Wells Fargo from foreclosing on Plaintiff's home, Doc. No. 109, and requiring Plaintiff to post "as security" with the Clerk's Office $1,377.86 each month, Doc. No. 121. Plaintiff complied with this obligation. On May 1, 2017, the Court allowed Defendant's motion for summary judgment and vacated the preliminary injunction. Doc. No. 209. The Court directed the parties to state their joint or separate views as to the proper disposition of the funds. Id. The parties have stated their positions, Doc. Nos. 212, 217, Defendant has objected to the release of funds to Plaintiff, Doc.

1

No. 220, Defendant has filed a motion for release of funds to it, Doc. No. 221, and Plaintiff has filed an opposition, Doc. No. 228.

The Court ordered the posting of the funds as security for the preliminary injunction. The Court established the amount of the monthly payment by selecting the amount Plaintiff asserted was the proper (and affordable) monthly payment due on his mortgage if he prevailed on qualifying for a MAP2R loan modification under the settlement agreement. Ultimately, Plaintiff lost and the Court vacated the preliminary injunction and entered judgment in favor of Wells Fargo. In these circumstances, Defendant is entitled to the money posted as security as the Court prevented it from foreclosing during the pendency of the case. See Global Naps, Inc. v. Verizon New Eng., Inc., 489 F.3d 13, 21 (1st Cir. 2007) ("The important points are that the security is generally destined for a wrongfully enjoined party, and also that the party seeking the injunction has had fair notice of the costs that are likely to be paid for the injunction's issuance.").

Accordingly, the Court ALLOWS Wells Fargo's Motion for Release of Funds, Doc. No. 221. The Clerk shall (1) issue a check payable to Defendant in the amount of the funds deposited by Plaintiff with the Court and (2) enter on the docket both the amount of funds paid to Defendant and the date of the payment.

SO ORDERED.

/s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge